## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| NINGXIA GUANGHUA CHERISHMET ACTIVATED CARBON CO., LTD. AND JILIN BRIGHT FUTURE CHEMICALS CO., LTD., <br>     Plaintiffs, <br><br> and <br><br> CARBON ACTIVATED TIANJIN CO., LTD. AND CARBON ACTIVATED CORPORATION, <br>     Consolidated Plaintiffs, <br> and <br><br> BENGBU MODERN ENVIRONMENTAL CO., LTD., ET AL., <br>     Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br>     Defendant, <br><br> and <br><br> CALGON CARBON CORPORATION AND NORIT AMERICAS, INC., <br>     Defendant-Intervenors. | Consol. Court No. 24-00262 |

### PLAINTIFF-INTERVENORS NINGXIA MINERAL & CHEMICAL LIMITED, TIANJIN CHANNEL FILTERS CO., LTD., AND SHANXI SINCERE INDUSTRIAL CO., LTD.'S MOTION FOR JUDGMENT UPON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade ("USCIT R."), Plaintiff-Intervenors Ningxia Mineral & Chemical Limited, Tianjin Channel Filters Co., Ltd., and Shanxi Sincere Industrial Co., Ltd. ("Plaintiff-Intervenors"), respectfully move this Court for an order granting movants judgment on the agency record against Defendant, the United States (representing the U.S. Department of Commerce), including, but not limited to the following relief:

- Declaring that the Department's determination that Malaysian import data are not aberrational is not supported by substantial evidence is otherwise contrary to the law; and

- Declaring that the Department's determination to include a supplier's costs for certain inputs in GHC's production database is not supported by substantial evidence is otherwise contrary to the law; and

- Declaring that the Department abused its discretion by failing to correct an error in Jilin Bright's antidumping duty rate calculation; and

- Remanding to the Department to recalculate Plaintiff-Intervenors' margin in light of the Court's opinion.

WHEREFORE, for the reasons described in this Motion, Plaintiff-Intervenors respectfully request that this Court enter judgment in Plaintiff-Intervenors' favor. A proposed order is attached for the Court's consideration.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien J. Wang
**THE INTER-GLOBAL TRADE LAW GROUP**
1156 Fifteenth Street NW, Suite 1101
Washington, D.C. 20005
Tel: (202) 868-0300
email: gmenegaz@igtlaw.com

Dated: August 14, 2025

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| NINGXIA GUANGHUA CHERISHMET ACTIVATED CARBON CO., LTD. AND JILIN BRIGHT FUTURE CHEMICALS CO., LTD., <br>         Plaintiffs, <br><br> and <br><br> CARBON ACTIVATED TIANJIN CO., LTD. AND CARBON ACTIVATED CORPORATION, <br>         Consolidated Plaintiffs, <br> and <br><br> BENGBU MODERN ENVIRONMENTAL CO., LTD., ET AL., <br>         Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br>         Defendant, <br><br> and <br><br> CALGON CARBON CORPORATION AND NORIT AMERICAS, INC., <br>         Defendant-Intervenors. | Consol. Court No. 24-00262 |

ORDER

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade ("USCIT R."), Plaintiff-Intervenors Ningxia Mineral & Chemical Limited, Tianjin Channel Filters Co., Ltd., and Shanxi Sincere Industrial Co., Ltd. ("Plaintiff-Intervenors"), in support of its Rule 56.2 Motion for Judgment on the Agency Record, and all other papers and proceedings had herein, it is hereby

ORDERED that said motion is GRANTED, and it is further

ORDERED that this case is remanded to Department of Commerce with instructions that the Department redetermine aspects of its Final Results as instructed by this Court in its accompanying slip opinion.

DATED: _____    _____
         New York, New York                              JANE A. RESTANI, Judge

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| NINGXIA GUANGHUA CHERISHMET ACTIVATED CARBON CO., LTD. AND JILIN BRIGHT FUTURE CHEMICALS CO., LTD., <br>     Plaintiffs, <br><br> and <br><br> CARBON ACTIVATED TIANJIN CO., LTD. AND CARBON ACTIVATED CORPORATION, <br>     Consolidated Plaintiffs, <br><br> and <br><br> BENGBU MODERN ENVIRONMENTAL CO., LTD., ET AL., <br>     Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br>     Defendant, <br><br> and <br><br> CALGON CARBON CORPORATION AND NORIT AMERICAS, INC., <br>     Defendant-Intervenors. | Consol. Court No. 24-00262 |

**PLAINTIFF-INTERVENORS NINGXIA MINERAL & CHEMICAL LIMITED, TIANJIN CHANNEL FILTERS CO., LTD., AND SHANXI SINCERE INDUSTRIAL CO., LTD.'S RULE 56.2 MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

                                          Gregory S. Menegaz
                                          Alexandra H. Salzman
                                          Vivien J. Wang
                                          **THE INTER-GLOBAL TRADE LAW GROUP**
                                          1156 Fifteenth Street NW, Suite 1101
                                          Washington, D.C. 20005
                                          Tel: (202) 868-0300
                                          email:  gmenegaz@igtlaw.com
                                          *Counsel to Plaintiff-Intervenor*

Dated: August 14, 2025

## TABLE OF CONTENTS

I. RULE 56.2 STATEMENT ..............................................................................................1

    A. Administrative Determination Subject to Appeal ..........................................1

    B. Issues Presented .............................................................................................1

II. STANDARDS OF REVIEW.........................................................................................2

III. ARGUMENT..................................................................................................................2

IV. Conclusion and Prayer for Relief..................................................................................3

# TABLE OF AUTHORITIES

**CASES**

*Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556 (Fed. Cir. 1984)............................................2

*Consolidated Edison Corp. v. Labor Board*, 305 U.S. 197 (1938) ..................................................2

*Diversified Products Corp. v. United States*, 572 F. Supp. 883 (Ct. Int'l Trade 1983)...................2

*Gerald Metals, Inc. v. United States*, 132 F.3d 716 (Fed. Cir. 1997).............................................2

*Shandong Rongxin Imp. & Exp. Co. v. United States,* 163 F. Supp. 3d 1249  (Ct. Int'l Trade 2016) ................................................................................................................................................3

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) .................................................................2

**STATUTES & REGULATIONS**

19 U.S.C. § 1516a(b)(1)..................................................................................................................2

I.   **RULE 56.2 STATEMENT**

Pursuant to Rule 56.2 (c)(1), Plaintiff-Intervenors Ningxia Mineral & Chemical Limited, Tianjin Channel Filters Co., Ltd., and Shanxi Sincere Industrial Co., Ltd. ("Plaintiff-Intervenors"), hereby states the administrative decision subject to appeal and the issue of law presented:

A.   **Administrative Determinations Subject to Appeal**

The U.S. Department of Commerce (the "Department") published the contested final results of review in the Federal Register on November 25, 2024. *See Certain Activated Carbon From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 89 Fed. Reg. 92,893 (Dep't Commerce Nov. 25, 2024) (*incorporating* Issues and Decision Memorandum ("IDM"). Plaintiff-Intervenors support and incorporate by reference Consolidated Plaintiffs Carbon Activated Tianjin Co., Ltd. and Carbon Activated Corporation (collectively, "Carbon Activated")'s memorandum in support of its R56.2 motion.

B.   **Issue Presented**

1.   <u>Issue One</u>:  Whether the Department's determination that Malaysian import data are not aberrational is supported by substantial evidence and otherwise in accordance with law?

2.   <u>Issue Two:</u> Whether the Department's determination to include a supplier's costs for certain inputs in GHC's production database is supported by substantial evidence and otherwise in accordance with law?

3.   <u>Issue Three:</u> Whether the Department abused its discretion by failing to correct an error in Jilin Bright's antidumping duty rate calculation?

II.  **STANDARDS OF REVIEW**

The Court will only sustain the Department's factual determination if it is based on

substantial evidence. 19 U.S.C. § 1516a(b)(1)(B)(i).  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Corp. v. Labor Board*, 305 U.S. 197, 229 (1938)).  Furthermore, "substantial evidence" must be measured by a review of the record as a whole, "including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984).  Thus, "it is appropriate to set aside the ITA's decision when the court 'cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to [its] view.'" *Diversified Products Corp. v. United States*, 6 C.I.T. 155, 161, 572 F. Supp. 883, 888 (1983) (quoting *Universal Camera*, 340 U.S. at 488).  Moreover, "Commerce's determination cannot be based on isolated tidbits of data which suggest a result contrary to the clear weight of the evidence." *Shandong Rongxin Imp. & Exp. Co. v. United States,* 163 F. Supp. 3d 1249, 1252 (Ct. Int'l Trade 2016) (internal citation omitted).  The substantial evidence standard "requires more than mere assertion of 'evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera*, 340 U.S. at 487).

### III.    ARGUMENT

The Department's Final Results are not supported by substantial evidence or in accordance with the law with regard to relying on aberrational Malaysian import data and including a supplier's costs for certain inputs in GHC's production database.  The Department

also abused its discretion by failing to correct an error in Jilin Bright's antidumping duty rate in the Final Results.

We support and incorporate by reference the arguments raised by Consolidated Plaintiff Carbon Activated and other Plaintiffs and Plaintiff-Intervenors as presented in their motions and supporting briefs.

Plaintiff-Intervenors respectfully request that the Court hold that the Final Results are not in accordance with the law and recalculate a margin accordingly for the mandatory respondents and Plaintiff-Intervenors.

## IV.     Conclusion and Prayer for Relief

In light of the foregoing, aspects of the Department's Final Results were not supported by substantial evidence or in accordance with the law.  Plaintiff-Intervenors respectfully request that the Court remand this case for redetermination of the above issues.

                                                Respectfully submitted,

                                                <u>/s/ Gregory S. Menegaz</u>
                                                Gregory S. Menegaz
                                                Alexandra H. Salzman
                                                Vivien J. Wang
                                                **THE INTER-GLOBAL TRADE LAW GROUP**
                                                1156 Fifteenth Street NW, Suite 1101
                                                Washington, D.C. 20005
                                                Tel: (202) 868-0300
                                                email:  gmenegaz@igtlaw.com
                                                *Counsel to Plaintiff-Intervenors*

Date: August 14, 2025

3

**Word Count Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word 2007 using a proportionally spaced typeface (14 point Century font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth. Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains **644** words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz

Gregory S. Menegaz