## UNITED STATES COURT OF INTERNATIONAL TRADE

### BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

_____
                                            )
NINGXIA GUANGHUA CHERISHMET ACTIVATED CARBON )
CO., LTD., ET AL.,                          )
                                            )
                    Plaintiffs,             )
                                            )
    and                                     )
                                            )
CARBON ACTIVATED TIANJIN CO., LTD. and      )
CARBON ACTIVATED CORPORATION,               )
                                            )
                    Consolidated Plaintiffs,)
                                            )
    and                                     )
                                            )
BENGBU MODERN ENVIRONMENTAL CO., LTD., ET AL., )
                                            )
                    Plaintiff-Intervenors,  )
                                            )
        v.                                  )   Consol. Court No. 24-00262
                                            )
UNITED STATES,                              )
                                            )
                    Defendant,              )
                                            )
    and                                     )
                                            )
CALGON CARBON CORPORATION and NORIT         )
AMERICAS, INC.,                             )
                                            )
                    Defendant-Intervenors.  )
_____ )

### RESPONSE BRIEF OF DEFENDANT-INTERVENORS CALGON CARBON CORPORATION AND NORIT AMERICAS, INC.

JOHN M. HERRMANN
R. ALAN LUBERDA
MELISSA M. BREWER
KELLEY DRYE & WARREN LLP
670 Maine Avenue, SW, Suite 600
Washington, DC 20024
(202) 342-8400
Counsel to Calgon Carbon Corporation and
Norit Americas, Inc.

**March 4, 2026**

## **TABLE OF CONTENTS**

**Page**

STATEMENT PURSUANT TO RULE 56.2 ...................................................................................1

STATEMENT OF FACTS ............................................................................................................2

SUMMARY OF THE ARGUMENT .............................................................................................2

ARGUMENT .................................................................................................................................2

I.     COMMERCE'S SELECTION OF A SURROGATE VALUE FOR COAL
TAR IS SUPPORTED BY SUBSTANTIAL EVIDENCE ................................................2

CONCLUSION ..............................................................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes and Regulations**

19 U.S.C. § 1677b(c)(4).................................................................................................3

**Administrative Determinations**

Certain Activated Carbon From the People's Republic of China:
  Final Results of Antidumping Duty Administrative Review; 2022–2023,
  89 Fed. Reg. 92,893 (Dep't Commerce Nov. 25, 2024) (PR 267)
  ("Final Results") ...................................................................................................1, 2, 5

Certain Activated Carbon From the People's Republic of China:
  Amended Final Results of Antidumping Duty Administrative Review;
  2022–2023, 89 Fed. Reg. 104,978 (Dep't Commerce Dec. 26, 2024) (PR 277)
  ("Amended Final Results") ...................................................................................1, 5

Issues and Decision Memorandum for the Final Results of the 2022-2023
  Administrative Review of the Antidumping Duty Order on Certain Activated
  Carbon from the People's Republic of China (Nov. 5, 2024) (PR 251)
  ("IDM") .................................................................................................. 1, 2-4

**Miscellaneous**

Non-Market Economy Surrogate Country Selection Process; Policy Bulletin 04.1
  (Dep't Commerce Mar. 1, 2004), available at
  https://access.trade.gov/Resources/policy/bull04-1.html. ......................................3

**STATEMENT PURSUANT TO RULE 56.2**

On behalf of Calgon Carbon Corporation and Norit Americas, Inc. (hereinafter, "Petitioners"), we respond to the Motions for Judgment on the Agency Record and accompanying briefs filed on behalf of Plaintiffs,[1] Consolidated Plaintiffs,[2] and Plaintiff-Intervenors[3] that challenge certain aspects of the U.S. Department of Commerce's ("Commerce") final results and amended final results in the sixteenth annual administrative review of the antidumping duty order on certain activated carbon from the People's Republic of China.  See <u>Certain Activated Carbon From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022–2023</u>, 89 Fed. Reg. 92,893 (Dep't Commerce Nov. 25, 2024) (PR 267) (hereinafter, "<u>Final Results</u>"), and the accompanying <u>Issues and Decision Memorandum for the Final Results of the 2022-2023 Administrative Review of the Antidumping Duty Order on Certain Activated Carbon from the People's Republic of China</u> (Nov. 5, 2024) (PR 251) (hereinafter, "<u>IDM</u>"), amended by <u>Certain Activated Carbon From the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2022–2023</u>, 89 Fed. Reg. 104,978 (Dep't Commerce Dec. 26, 2024) (PR 277)[4] and the accompanying <u>Administrative Review of the Antidumping Duty Order on Certain Activated Carbon from the People's Republic of China; 2022-2023: Analysis of</u>

---

[1]  Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd., (Cherishmet) and Jilin Bright Future Chemicals Co., Ltd. (Jilin Bright) (Aug. 14, 2025) (ECF Nos. 60, 61) (hereinafter, "Pls. Br.").

[2]  Carbon Activated Tianjin Co., Ltd. and Carbon Activated Corporation (collectively, Carbon Activated) (Aug. 14, 2025) (ECF Nos. 58, 59) (hereinafter, "Consol. Pls. Br.").

[3]  Ningxia Mineral & Chemical Limited, Tianjin Channel Filters Co., Ltd., and Shanxi Sincere Industrial Co., Ltd. (Aug. 14, 2025) (ECF No. 57) (hereinafter, "Pls.-Intervenor Br.").

[4]  Documents in the administrative record are cited by their confidential and/or public record number (i.e., "(CR __)" and "(PR __)") provided in the Index to the Administrative Record filed with the Court on March 3, 2025 (ECF No. 40).

Ministerial Error Allegation (Dep't Commerce Dec. 17, 2024) (PR 271) (hereinafter, "Amended Final Memo").

## STATEMENT OF FACTS

Petitioners agree with, and incorporate by reference, the statement of facts as presented in Defendant's Response to Plaintiffs', Consolidated Plaintiffs', and Plaintiff-Intervenors' Motions for Judgment on the Agency Record, dated Feb. 2, 2026 (ECF Nos. 72, 73) (hereinafter, "Def. Br."). See Def. Br. at 5-11.

## SUMMARY OF THE ARGUMENT

Petitioners agree with, and incorporate by reference, the summary of the argument as presented in Defendant's brief. See Def. Br. at 11-13.

## ARGUMENT

Petitioners agree with, and incorporate by reference, all arguments as presented in Defendant's brief. See generally Def. Br. at 14-61. Petitioners supplement Defendant's arguments below in one regard with respect to Plaintiffs' challenge to Commerce's selection of a surrogate value for coal tar.

**I.  COMMERCE'S SELECTION OF A SURROGATE VALUE FOR COAL TAR IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiffs and Consolidated Plaintiffs argue the Malaysian average unit value ("AUV") under Harmonized Tariff Schedule ("HTS") subheading 2706.00 selected to value coal tar is aberrational and should have been disqualified from use in the Final Results. See Pls. Br. at 30-32; Consol. Pls. Br. at 13-15. As Defendant correctly asserts, Commerce considered past practice and conducted a thorough review of record evidence to determine that the surrogate value for coal tar is not aberrational, and instead was in line with other average unit values on the record as well

2

as consistent with the surrogate values used for coal tar in prior administrative reviews. See Def. Br. at 37-41; IDM at 16-17. Commerce determined that

> based on prior reviews and in context of AUVs for the present review, . . . the Malaysian import AUV under HS subheading 2706.00 is not aberrational, and has been used on several occasions as well as past reviews generally using Malaysian factor values.

IDM at 16 (citing Petitioners' Letter, "Petitioners' Rebuttal of Respondents' First Surrogate Value Submission," dated Jan. 10, 2024 at Exhibit SVR-2A) (PR 161-170)).

First, the record contains contemporaneous import data for the seven countries identified as being at the same level of economic development as China in the 2022 and 2023 Office of Policy lists of potential surrogate countries:

| Coal Tar Pitch | | HTS# | 2706.00 | | |
|---|---|---|---|---|---|
| | INCOTERMS | Units | US$/kg | US$/MT | vs. avg |
| **Malaysia** | **CIF** | **kg** | **$1.67645** | **$1,676.45** | **27%** |
| Romania | CIF | kg | $0.33419 | $334.19 | 5% |
| Panama | CIF | kg | na | na | na |
| Chile | CIF | kg | na | na | na |
| Costa Rica | CIF | kg | $21.48000 | $21,480.00 | 344% |
| Bulgaria | CIF | kg | na | na | na |
| Turkey | CIF | kg | $1.48583 | $1,485.83 | 24% |
| **Average** | | kg | **$7.76668** | **$6,244.12** | |

See Petitioners' First SV Rebuttal at Exhibit SVR-3 (PR 161-170); see also 19 U.S.C. § 1677b(c)(4); Non-Market Economy Surrogate Country Selection Process; Policy Bulletin 04.1 (Dep't Commerce Mar. 1, 2004), available at https://access.trade.gov/Resources/policy/bull04-1.html. As Commerce recognized, "the Malaysian import AUV under HS code 2706.00 (1.67 USD/kg) is nearly identical to the Turkish import AUV (1.48 USD/kg), and much lower than the Costa Rican import AUV (21.48 USD/kg)," reflecting the fact that the average unit value of Malaysian imports is 27 percent lower than the average value of imports for the other countries on the Office of Policy List, whereas the Romanian import value is equal to merely five percent of the average value of the other OP List countries. See IDM at 16; Petitioners' First SV Rebuttal at

3

Exhibit SVR-3 (PR 161-170). The Turkish import value is nearly identical to the Malaysian value and is 24 percent of the average value during the period of review for all countries listed. See IDM at 16; Petitioners' First SV Rebuttal at Exhibit SVR-3 (PR 161-170).

Second, Commerce found that "an analysis of the Malaysian import AUV in past reviews demonstrates that the import AUV in this current review is not aberrational." IDM at 16. The record contains historical surrogate values for coal tar/coal tar pitch classified under HTS subheading 2706.00 during past reviews, as follows:

| Average Unit Value of Malaysian Imports of Mineral Tars, Including Reconstituted Tars HTS 2706.00 (USD/MT) (No Russia AR16) | |
|---|---:|
| Apr 2021 - Mar 2022 (AR15) | 1,197.93 |
| Apr 2020 - Mar 2021 (AR14) | 1,221.76 |
| Apr 2019 - Mar 2020 (AR13) | 1,550.12 |
| Apr 2018 - Mar 2019 (AR 12) | 495.82 |
| Apr 2017 - Mar 2018 (AR 11) | 1,629.51 |
| **Average** | **1,219.03** |
| | |
| **Apr 2022 - Mar 2023 (AR16)** | **1,676.45** |
| | |
| Comparison | 138% |

See Petitioners' First SV Rebuttal at Exhibit SVR-5 (PR 161-170). The record data demonstrate that the import value during the underlying sixteenth administrative review is only 38 percent greater than the average for the five most recent segments, and that value is nearly identical to the value in the eleventh administrative review. See id. Accordingly, Commerce's conclusion that the Malaysian average unit value of merchandise classified under HTS subheading 2706.00 is the appropriate surrogate value for coal tar, and is not aberrational based on both contemporaneous and historical data on the record, is supported by substantial evidence and should be sustained by this Court.

5

**CONCLUSION**

For the reasons presented in Defendant's brief, supplemented by the reasons presented above, we urge this Court to determine that Commerce's <u>Final Results</u> and <u>Amended Final Results</u>, as challenged above by Plaintiffs, Consolidated Plaintiffs, and Plaintiff-Intervenors, are supported by substantial evidence and are otherwise in accordance with law.

                                               Respectfully submitted,

                                               <u>/s/ Melissa M. Brewer</u>
                                               JOHN M. HERRMANN
                                               R. ALAN LUBERDA
                                               MELISSA M. BREWER

                                               Counsel to Calgon Carbon Corporation and Norit Americas, Inc.

Dated:  March 4, 2026

CERTIFICATE OF COMPLIANCE
WITH COURT OF INTERNATIONAL TRADE
STANDARD CHAMBERS PROCEDURES

Pursuant to the Court of International Trade Standard Chambers procedures, counsel for Defendant-Intervenors Calgon Carbon Corporation and Norit Americas, Inc. certify that the attached Response Brief contains 1,513 words, including footnotes, tables and charts. The word count certification is made in reliance on the word count feature contained in Microsoft 365 – Enterprise.

Respectfully submitted,

/s/ Melissa M. Brewer
JOHN M. HERRMANN
R. ALAN LUBERDA
MELISSA M. BREWER
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
(202) 342 8400

Counsel to Calgon Carbon Corporation and Norit Americas, Inc.

Dated: March 4, 2026